Richard SIPES, Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR, Respondent,

Arctic Slope Inspection Services, Inc., Alyeska Pipeline Service Company, and Christian Engineering, d/b/a Veco Engineering, Inc., Respondents—Intervenors

No. 01–70024.

DOL No. 95–TSC–15.

ARB No. 98–004.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 23, 2002.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

MEMORANDUM*

Plaintiff Richard Sipes appeals a decision of the Administrative Review Board of the Department of Labor ("the Board") affirming the Recommended Decision and Order of the administrative law judge ("ALJ") dismissing Sipes complaint.

In his complaint, Sipes contends that his employers took adverse employment action against him in response to his protected whistleblowing activities, in violation of the Toxic Substances Control Act ("TSCA"),

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

15 U.S.C. § 2622; the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j–9(i); and the Clean Water Act ("CWA"), 33 U.S.C. § 1367. The ALJ, having assumed *arguendo* that Sipes established a *prima facie* case of retaliatory discrimination, determined that Sipes failed to carry his burden of persuasion to show by a preponderance of evidence that the respondents-intervenors intentionally discriminated against him in violation of the aforementioned statutes. Sipes urges this court to find that the decision of the ALJ was not supported by substantial evidence. To the contrary, we find that there existed substantial evidence to support the ALJ's decision.

We review a decision of the Board pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, under which agency action will be set aside only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or is not supported by substantial evidence. *Pogue v. United States Dep't of Labor,* 940 F.2d 1287, 1289 (9th Cir.1991). Jurisdiction exists pursuant to § 2622(c)(1) of the TSCA; § 300j–9(i)(3)(A) of the SDWA; and § 1367(b) of the CWA.

Sipes, a certified Level I Technician, alleges that his termination as a technician aboard the PITBUS, a mobile corrosion-testing transport vehicle monitoring the Trans–Alaska Pipeline, resulted from his disclosure to superiors that his supervisor Harry Hawkins, a Level II Technician, falsified testing data. Within weeks of the disclosure, Sipes' employer changed the PITBUS protocol such that Level I Technicians were no longer permitted to work on the project. Accordingly, Sipes, lacking Level II certification, was terminated.

Although this evidence alone is sufficient to establish a *prima facie* case of retaliatory discrimination, we find that the ALJ's determination that Sipes failed to carry his ultimate burden of persuasion was based upon substantial evidence. Specifically, the ALJ was presented with evidence that

the change in certification requirements for PITBUS technicians resulted in increased efficiency for the expensive new project, that such a change had been discussed since the time of the project's inception and was the recommended requirement of the company for which Sipes' employer was a subcontractor, and that the employer's favorable treatment of Sipes during the following year, while not determinative, belied Sipes' claim that his employer sought to get rid of him. Based upon the evidence presented, we affirm the decision of the Board.

AFFIRMED.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.